STRATTON *against* HERRICK.

*Where a turn-pike act (sess. 28. c. 22.) exempted persons going to and from a blacksmith's shop, from the payment of toll, it was held that to be entitled to this exemption, the person must go to the blacksmith's shop, for the express purpose of having work done in the shop. Going there with articles to pay for work done at a former time, by the blacksmith, does not entitle him to the exemption.*

IN ERROR, on *certiorari*, from a justice's court. *Herrick* brought an *action against Stratton*, before the justice, for obstructing the road leading from the village of *Cocksackie*, on the 1st of *June*, 1812, in such a manner as to prevent the plaintiff from passing with his waggon and horses, whereby he was hindered from pursuing his lawful business, &c.

*Samuel Rockwell*, a witness for the plaintiff, testified, that he was a blacksmith, and did work for the plaintiff on the 1st of *June ;* and that on that day the plaintiff brought him a load of boards to pay for smith work done for him a year before. On the 1st of *June*, the plaintiff came with his waggon to the turnpike gate, and the defendant demanded *toll*, and the plaintiff claimed to pass free, as he had been to the blacksmith's ; but the defendant shut the gate, and refused to let the plaintiff pass, unless he paid the toll. The plaintiff, after waiting about an hour and a half, turned back and went by another road.

It appeared that the defendant asked the plaintiff what he had done with the load of boards, and the plaintiff refused to inform him. The act of incorporation of the turnpike company was read. It was proved that the plaintiff resided about 7 miles from the turnpike gate, and one blacksmith lived within 2 miles, and another within 4 miles, of the plaintiff's house ; but the blacksmith who testified that he did work for the plaintiff, lived east beyond the turnpike gate, in the village of *Cocksackie.* The jury found a verdict for the plaintiff, for 5 dollars, on which the justice gave judgment.

*Kirtland*, for the plaintiff in error.

*Powers*, contra.

*Per Curiam.* The turnpike act, (sess. 28. c. 22.) under which the toll was demanded, exempts from the payment of toll any person passing " to and from a blacksmith's shop to which he usually resorts." Assuming that the blacksmith's shop of *Samuel Rockwell*, in the village of *Cocksackie*, was the one to which the plaintiff below usually resorted, yet it must appear that the object of his going to the shop was for work to be done at the shop. Carrying a load

of boards, or wheat, or going with a drove of cattle to the blacksmith, for the purpose of paying a debt, would not entitle the party to exemption from toll, any more than if he was going merely to pay a family or friendly visit to the blacksmith. Any other construction of the act would be unreasonable and lead to fraud. Every farmer, carrying a load of wheat to market, might always, upon the construction given to the act by the jury, exempt himself from toll, by calling at the blacksmith's shop, in his way, and getting a horse-shoe reset. If the principal object of the travelling be to have blacksmith work done, the person is entitled to pass toll free, but not otherwise. Here the object appears to have been to pay a debt. That must have been the principal end, and the verdict was, consequently, against law.

Judgment reversed.